## IN THE UNITED STATE DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| EDWARD DERENCIUS, ) | |
| On behalf of Plaintiff and a class, ) | Case No.: 1:21-cv-4086 |
| ) | |
| v. ) | Judge: |
| ) | Magistrate Judge: |
| FINANCIAL RECOVERY SERVICES, ) | |
| INC. ) | |

## **NOTICE OF REMOVAL**

Defendant, FINANCIAL RECOVERY SERVICES, INC., through its attorneys, Michael S. Poncin of Moss & Barnett, and for its Notice of Removal pursuant to 28 U.S.C. §1441(a) and 1446, and in support thereof, states as follows:

1. On or about June 22, 2021, plaintiff filed a putative class action in the Circuit Court of Cook County, Illinois County Department, Chancery Division, Illinois, which was captioned Edwards Derencius, on behalf of Plaintiff and a class v. Financial Recovery Services, Inc. and docketed at Case No. 2021CH03055. A copy of the state court complaint ("Complaint") is attached hereto as Exhibit A.

2. At the same time, Plaintiff also filed a Motion For Class Certification. A copy of the state court motion for class certification is attached hereto as Exhibit B.

3. On July 1, 2021, plaintiff served a Summons and Complaint on defendant. A copy of the Service of Process Receipt and Summons is attached as Exhibit C. This notice of removal is timely pursuant to 28 U.S.C. §1446(b) because it is filed within 30 days after service of the Summons and Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344 (1999).

4. The Complaint asserts a federal cause of action against defendant for purported violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*

5. This Notice was filed with the Clerk of the United States District Court within thirty (30) days after service of the Complaint upon the defendant. 28 U.S.C. §1446(b).

6. 28 U.S.C. §1441(b) provides as follows:

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought.

7. The United States District Court for the Northern District of Illinois has federal question jurisdiction over these claims due to the fact that the allegations against defendant contained in the complaint arise under the Constitution, laws or treaties of the United States. 28 U.S.C. §1331.

8. In the complaint, plaintiff seeks recovery under the FDCPA, the only statute referenced in the complaint.

9. Therefore, the complaint on its face initially invokes federal question jurisdiction in this Court.

10. On April 21, 2021, the Eleventh Circuit decided *Hunstein v. Preferred Collection Management Services, Inc.*, 994 F.3d 1341 (11th Cir. 2021). The complaint in *Hunstein* contains similar allegations to plaintiff's allegations in this case. The Eleventh Circuit concluded that the named plaintiff in *Hunstein* possessed Article III standing based upon those allegations.

11. *Hunstein* does not appear to be consistent with the law in the Seventh Circuit. *See Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329 (7th Cir. 2019); *Larkin v. Fin. Sys. of Green*

*Bay, Inc.,* 982 F.3d 1060 (7th Cir. 2020); *Bazile v. Fin. Sys. of Green Bay, Inc.,* 983 F.3d 274 (7th Cir. 2020); *Spuhler v. State Collection Serv., Inc*., 983 F.3d 282 (7th Cir. 2020); *Gunn v. Thrasher, Buschmann & Voelkel, P.C.*, 982 F.3d 1069 (7th Cir. 2020); *Brunett v. Convergent Outsourcing, Inc*., 982 F.3d 1067 (7th Cir. 2020); *Nettles v. Midland Funding LLC*, 983 F.3d 896 (7th Cir. 2020); *Smith v. GC Servs. Ltd. P'ship*, 986 F.3d 708, 711 (7th Cir. 2021); *Pennell v. Glob. Tr. Mgmt., LLC*, 990 F.3d 1041 (7th Cir. 2021); *Markakos v. Medicredit, Inc*., 2021 U.S. App. LEXIS 14339 (7th Cir. 2021).

12. Defendant disagrees with *Hunstein* and asserts that *Hunstein* was incorrectly decided. On May 26, 2021, the defendant-appellee in Hunstein filed a petition for en banc review concerning Article III standing and on the merits. The petition remains unresolved as of deadline to remove the instant case.

13. Based on the foregoing, defendant is entitled to remove this action in good faith to this Court under 28 U.S.C. §§1441 *et seq.* and 1446 *et seq*.

14. Concurrent with the filing of this Notice of Removal, defendant is filing a Notice of Filing Notice of Removal with the Circuit Court of Cook County, Illinois County Department, Chancery Division, Illinois.

WHEREFORE, Defendant, FINANCIAL RECOVERY SERVICES, INC., respectfully requests that this case proceed in this court as an action properly removed to it.

Dated: July 30, 2021                            Respectfully Submitted,

                                                                 /s/ Michael S. Poncin
                                                                 Attorney for Defendant

Michael S. Poncin (MN Bar 296417)
MOSS & BARNETT, PA
150 South Fifth Street, Suite 1200
Minneapolis, MN  55402

Tel: (612) 877-5000
Fax: (612) 877-5999
Mike.Poncin@lawmoss.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2021, I electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois Eastern Division, the foregoing Notice of Removal by using the CM/ECF system, which will send notification of such filing(s) to all counsel of record. Daniel A. Edelman and Heather A. Kolbus, Edelman, Combs, Latturner & Goodwin, LLC 20 S. Clark Street, Suite 1500 Chicago, IL 60603-1824 Email: courtecl@edcombs.com

/s/ Michael S. Poncin