EXHIBIT A

6/22/2021 2:57 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH03055

**Atty. No. 41106**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| EDWARD DERENCIUS, <br> on behalf of Plaintiff and a class, <br><br> Plaintiff, <br><br> vs. <br><br> FINANCIAL RECOVERY <br> SERVICES, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )    2021CH03055 <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.      Plaintiff Edward Derencius brings this action to secure redress regarding unlawful collection practices engaged in by Defendant Financial Recovery Services, Inc. ("FRS"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. §1692k(d).

3.      Personal jurisdiction in Illinois is proper because the collection letters at issue were sent into Illinois.

4.      Venue in this county is proper because Defendant FRS has its registered office here and does business here.

### PARTIES

#### Plaintiff

5.      Plaintiff Edward Derencius is a natural person residing in Oak Lawn, Illinois.

-1-

**Defendant**

**FRS**

6.      Defendant FRS is a corporation organized under the law of Minnesota with its principal offices at 4900 Viking Dr., Edina, MN 55435. It does business in Illinois. Its registered agent and office is C T Corporation System, 208 S. La Salle St., Suite 814, Chicago, IL 60604.

7.      Defendant FRS is engaged in the sole or principal business of a collection agency, collecting consumer debts and using the mails and telephone system for that purpose.

8.      Upon information and belief, almost all of Defendant FRS's resources are devoted to debt collection.

9.      Upon information and belief, almost all of Defendant FRS's revenue is derived from debt collection.

10.      Upon information and belief, almost all of Defendant FRS's expenses are related to debt collection.

11.      Defendant FRS states on its web page that "Our organization provides comprehensive custom collection and receivables management solutions to mid-large sized organizations that already possess some type of collection or receivables management platform" and that it "has hundreds of employees in four call centers and two training facilities located in Minnesota, Wisconsin, and Jamaica." (https://www.fin-rec.com/who-we-are/about-us)

12.      Defendant FRS is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

**FACTUAL ALLEGATIONS**

13.      This action arises out of Defendant's attempts to collect a credit card debt incurred for personal, family or household purposes.

-2-

14.     On or about April 5, 2021, Defendant FRS caused a letter vendor to send Plaintiff the letter in Exhibit A.

15.     The letter bears markings that are characteristic of one generated by a letter vendor.

16.     In order to have the letter vendor send Plaintiff the letter in Exhibit A, Defendant FRS had to furnish the letter vendor with Plaintiff's name and address, the status of Plaintiff as a debtor, details of Plaintiff's alleged debt, and other personal information.

17.     The letter vendor then populated some or all of this information into a prewritten template, printed, and mailed the letter to Plaintiff.

18.     The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

19.     The sending of an electronic file containing information about Plaintiff's purported debt to a letter vendor is therefore a communication.

20.     Defendant FRS's communication to the letter vendor was in connection with the collection of a debt since it involved disclosure of the debt to a third-party with the objective being communication with and motivation of the consumer to pay the alleged debt.

21.     Plaintiff never consented to having Plaintiff's personal and confidential information, concerning the debt or otherwise, shared with anyone else.

22.     In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. §1692c(b): "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the

-3-

attorney of the creditor, or the attorney of the debt collector."

23.    The letter vendor used by Defendant FRS as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. §1692c(b).

24.    Due to Defendant FRS's communication to this letter vendor, information about Plaintiff is within the possession of an unauthorized third-party.

25.    If a debt collector "conveys information regarding the debt to a third party -- informs the third party that the debt exists or provides information about the details of the debt -- then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.,* 804 F.3d 740, 743 (6th Cir. 2015).

26.    Defendant FRS unlawfully communicates with the unauthorized third-party letter vendor solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

27.    In its reckless pursuit of a business advantage, Defendant FRS disregarded the known, negative effect that disclosing personal information to an unauthorized third-party has on consumers.

## COUNT I – FDCPA

28.    Plaintiff incorporates paragraphs 1-27.

29.    Defendant FRS violated 15 U.S.C. §1692c(b) when it disclosed information about Plaintiff's purported debt to the employees of an unauthorized third-party letter vendor in connection with the collection of the debt.

30.    Defendant FRS violated 15 U.S.C. §1692f by using unfair means in connection with the collection of a debt – disclosing personal information about Plaintiff to third parties not expressly authorized under the FDCPA.

## CLASS ALLEGATIONS[1]

31.     Plaintiff brings this action on behalf of a class.

32.     The class consists of (a) all individuals in Illinois (b) with respect to whom Defendant FRS had a letter prepared and sent by a letter vendor (c) seeking to collect a debt on behalf of Cavalry SPV I, LLC, (d) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 30 days after the filing of this action.

33.     Plaintiff may alter the class definition to conform to developments in the case and discovery.

34.     On information and belief, based on the size of Defendant's business operations and the use of form letters, there are more than 40 members of the class, and the class is so numerous that joinder of all members is not practicable.

35.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether Defendant's practice as described above violates the FDCPA.

36.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

37.     A class action is appropriate for the fair and efficient adjudication of this matter, in that:

   a.     Individual actions are not economically feasible.

   b.     Members of the class are likely to be unaware of their rights;

---

[1] Plaintiff intends to file the attached Plaintiff's Motion for Class Certification as soon as practically possible, Exhibit B, as required by *Ballard RN Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.*, 2015 IL 118644, 48 N.E.3d 1060. Plaintiff may request leave to supplement it later.

c.      Congress intended class actions to be the principal enforcement mechanism

under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and

against Defendant for:

i.      Statutory damages;

ii.     Attorney's fees, litigation expenses and costs of suit;

iii.    Such other and further relief as the Court deems proper.


/s/ Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman (ARDC 0712094)
Heather A. Kolbus (ARDC 6278239 )
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com
Atty. No. 41106

-6-

# EXHIBIT A

**FINANCIAL RECOVERY SERVICES, INC.**

DEPT 813    3212742821041
PO BOX 4115
CONCORD CA 94524

P.O. Box 385908
Minneapolis, MN 55438-5908
1-844-563-9279

RETURN SERVICE REQUESTED

CURRENT CREDITOR: ███████
ORIGINAL CREDITOR: ███████
REGARDING:
ACCOUNT NUMBER: XXXX9822
DATE OF LAST PAYMENT: ███████
CHARGE-OFF DATE: ███████

April 5, 2021

TOTAL BALANCE DUE: ███████
FRS FILE NUMBER: ███████
ON-LINE PIN NUMBER: ███1109
(Used to access and view your file on WWW.FIN-REC.COM)

EDWARD DERENCIUS

***** Avoid Client Review For Law Firm Assignment *****

Please be advised that ███████ owns the account referenced above and it has been assigned to our office for collection. If you pay ███████, the above referenced account will be considered paid in full.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

If we cannot resolve this account, it will be returned to the current creditor and reviewed to determine whether or not placement with a law firm licensed in your jurisdiction is appropriate. Such return to the current creditor and review will not occur until after the 30-day time period set forth above and after it is recalled from our office. As of today, no attorney has reviewed the particular circumstances of this account. However, if you fail to contact this office, the creditor may consider additional remedies to recover the balance due. We are not a law firm and we cannot provide you with legal advice and we will not sue on this account. We do not make decisions as to whether or not to place any account with a law firm as that decision rests solely with the current creditor.

I respectfully ask that you contact our office and make arrangements to resolve your account with us before it is reviewed by our client for assignment to a licensed attorney in your state. To make a payment, please call us at the toll-free number listed below. FRS now accepts some forms of payment on-line at www.fin-rec.com. See your On-Line access PIN above. We look forward to working with you to resolve this matter.

Sincerely,

AMBER KOSKI
Account Manager
Toll Free: 1-844-563-9279

This is an attempt to collect a debt. Any information obtained will be used for that purpose.
This communication is from a debt collector.

See reverse side for important information.

Office hours are: Monday-Thursday, 7am to 8pm CT; Friday 7am to 5pm CT; Saturday 7am to noon CT.

*Detach Coupon And Mail Payment*

| 1 OF 3 | 2 OF 3 | 3 OF 3 |
|---|---|---|
| FRS File #: ███████ | FRS File #: ███████ | FRS File #: ███████ |
| 1-844-563-9279 | 1-844-563-9279 | 1-844-563-9279 |
| Balance due as of ███████ | Balance due as of ███████ | Balance due as of ███████ |
| Amount enclosed:_____ | Amount enclosed:_____ | Amount enclosed:_____ |
| Home phone:_____ | Home phone:_____ | Home phone:_____ |
| Work phone:_____ | Work phone:_____ | Work phone:_____ |
| Cell phone:_____ | Cell phone:_____ | Cell phone:_____ |
| Financial Recovery Services, Inc.<br>P.O. Box 385908<br>Minneapolis, MN 55438-5908 | Financial Recovery Services, Inc.<br>P.O. Box 385908<br>Minneapolis, MN 55438-5908 | Financial Recovery Services, Inc.<br>P.O. Box 385908<br>Minneapolis, MN 55438-5908 |

# EXHIBIT B